**Opinion filed March 2, 2023**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00078-CR

_____

### CHANDRA DIANE JOHNSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 244th District Court**
**Ector County, Texas**
**Trial Court Cause No. C-21-0719-CR**

### M E M O R A N D U M   O P I N I O N

The jury convicted Appellant, Chandra Diane Johnson, of the second-degree felony offense of aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02(a)(2), (b) (West Supp. 2022). The evidence presented at the guilt/innocence phase of trial included a surveillance video that depicted Appellant stab a man in the back as he was walking away from her. After convicting Appellant, the jury heard punishment evidence and assessed Appellant's punishment at

imprisonment for ten years. The trial court sentenced Appellant accordingly. We affirm.

Appellant's court-appointed counsel has filed in this court a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. Counsel provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of both the clerk's record and the reporter's record. Counsel advised Appellant of her right to review the record and file a response to counsel's brief. Counsel also advised Appellant of her right to file a petition for discretionary review. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant subsequently filed a response to counsel's *Anders* brief. We have reviewed Appellant's response. In addressing an *Anders* brief and a pro se response, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree with counsel that no arguable grounds for appeal exist.[1]

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

We grant counsel's motion to withdraw, and we affirm the judgment of the trial court.

PER CURIAM

March 2, 2023

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.